IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRAZIER PORTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4469 |
| | § | |
| BOLANLE IWEUNOR, *ET AL.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On January 8, 2019, the Court struck plaintiff's complaint in this *pro se* state inmate section 1983 lawsuit and ordered him to replead within thirty days. Plaintiff failed to comply and had no further communication with the Court. Following expiration of sixty days, the Court dismissed the lawsuit without prejudice on March 11, 2019.

On April 24, 2019, plaintiff filed the pending Rule 60(b)(1) motion. (Docket Entry No. 8.) As grounds, he states he is not "ambidextrous" and that "only recently" was he able to obtain access to the law library, get help from a fellow inmate, and file this motion. He argues that his inability to type ambidextrously constitutes "excusable neglect" for purposes of Rule 60(b)(1). *Id.*, p. 2. He asks the Court to reinstate the case and grant him an additional six months to replead. In short, plaintiff wants to reopen this lawsuit so it may lie fallow for half a year.

The Court notes that plaintiff's proffers of being "unassisted" at the Jester 3 Unit and unable to take legal action until "only recently" are refuted by the record. Plaintiff filed this

lawsuit on November 26, 2018, while housed at the Jester 3 Unit. The Court struck his complaint and ordered him to replead on January 8, 2019. Plaintiff's pending motion shows that he is still housed at the Jester 3 Unit. Plaintiff fails to explain why he was able to file a section 1983 complaint on November 26, 2018, but purportedly unable to replead, or seek additional time to replead, from January 8th through March 11th of 2019. Nor does he explain why he is unable to replead at this time, but could in six months.

Plaintiff is able to read and write. The record shows that he filed seven handwritten prison grievances regarding his claims between April 8, 2018, and August 24, 2018. Although plaintiff states he is not "ambidextrous" for purposes of typing his pleadings, he does not disclaim an ability to type in a single-handed manner. No intervening circumstances appear in either the record or the motion that reasonably explain plaintiff's failures to prosecute this lawsuit or comply with the Court's order. More to the point, plaintiff's alleged inability to type with two hands does not constitute "neglect," excusable or otherwise, and he fails to demonstrate meritorious grounds for relief under Rule 60(b)(1).

At this time, no complaint is on file in this case and no case or controversy exists for purposes of bestowing jurisdiction. Even so, the Court would not be inclined to reinstate this case in order to grant plaintiff six months' additional time to replead his complaint. This case was dismissed without prejudice. Based on the factual allegations in his original complaint, plaintiff's claims remain well within the two-year limitation. Should plaintiff wish to pursue

his claims, he should do so at a convenient time prior to expiration of the two-year statute of limitations.

The Rule 60(b)(1) motion (Docket Entry No. 8) is DISMISSED FOR WANT OF JURISDICTION. Assuming the Court were to have jurisdiction, the motion is DENIED.

Signed at Houston, Texas on May 17, 2019.

---

Gray H. Miller
Senior United States District Judge